FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE CHALLONER,

Defendant - Appellant.

No. 08-1335

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D. Ct. Nos. 00-cr-00482-EWN-2 and 04-cv-01607-EWN)**

---

Submitted on the briefs:[*]

Robert G. Levitt, Esq., Denver, Colorado, for Appellant.

David M. Gaouette, Acting United States Attorney, and Andrew A. Vogt, Assistant United States Attorney, Office of the United States Attorney for the District of Colorado, for Appellee.

---

Before **TACHA**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dale Challoner, a federal prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and violation of the Double Jeopardy Clause. The district court denied his petition. This court granted a certificate of appealability ("COA") on the issue of "whether Mr. Challoner's sentence on Count 14, which charged a violation of 18 U.S.C. § 844(h), violates the Double Jeopardy Clause." Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253, and we AFFIRM.

## I. BACKGROUND

This court summarized the background of this case on direct appeal. In pertinent part, it is as follows:

> In the weeks prior to September 11, 2000, Defendant Challoner and co-defendants Isaac Ortiz and Sherri Jackson developed a plan to rob the Colorado East Bank & Trust in La Junta, Colorado. The plan involved several steps, including setting fire to an elementary school to divert and distract law enforcement, and kidnapping the bank president at gunpoint.

> On the evening of September 11, Ms. Jackson drove Defendant and Ortiz to the New Columbian Elementary School. Defendant had previously obtained two "Molotov cocktails." He exited the vehicle carrying the firebombs, lit the wicks, and threw both through a window of the school. The firebombs exploded and began to burn inside the school. Defendant then returned to the vehicle, and Jackson drove across town to the home of Greg Mullins, the president of Colorado East Bank & Trust. Defendant and Ortiz donned masks and gloves, and exited the vehicle. Defendant armed himself with a shotgun. Ortiz carried a knife. The two men broke into the Mullins' residence and entered the bedroom where Mullins lay asleep with his wife. Ortiz struck Mullins' wife, bound and gagged her with duct tape, and threatened her with the knife. Defendant struck Mullins with the

-2-

shotgun, pointed the weapon at him, and ordered him to dress and accompany Defendant to the bank. Defendant informed Mullins his wife would be killed if he did not cooperate.

Defendant then forced Mullins to drive him at gunpoint to the bank. Ortiz remained behind with Mullins' wife. Upon entering the bank, Mullins realized he had left his glasses behind and could not see well enough to open the safe. He supplied the combination to Defendant, who likewise was unable to open the safe. Defendant again struck Mullins with the shotgun. He then forced Mullins to place a phone call to the Mullins residence, and fled the scene. The phone call was a preplanned signal to Ortiz that the robbery was completed. Upon receiving the call, Ortiz also fled leaving Mrs. Mullins bound and gagged.

A grand jury returned a fourteen-count indictment charging Defendant and six others with various offenses arising from the bank robbery plot. The indictment charged Defendant in eight counts, one of which was dismissed prior to trial. Defendant was tried on seven counts: Conspiracy to Commit Bank Robbery (Count 1); Attempted Bank Robbery (Count 2); Using, Carrying and Brandishing a Firearm in Relation to a Crime of Violence (Count 3); Damaging Property by Means of Fire (Count 4); Using and Carrying a Destructive Device in Relation to a Crime of Violence (Count 5); Possession of an Unregistered Incendiary Device (Count 6); and Use of Fire or Carrying an Explosive During Commission of Another Felony (Count 14). The predicate felonies identified in Count 14 were the conspiracy alleged in Count 1 and the attempted armed bank robbery alleged in Count 2. A jury convicted Defendant on all seven counts.

*United States v. Challoner*, No. 01-1437, 2003 WL 21000995, at *1 (10th Cir.

May 5, 2003). He was sentenced to a total of 1080 months (90 years) in prison.

Relevant to this appeal, he received consecutive sentences of ten years on Count

14, thirty years on Count 5, and twenty-five years on Count 3.

Mr. Challoner appealed, arguing that the evidence was insufficient to

support his conviction on Count 14, the district court erred in denying his motion

for a downward departure, and the length of his sentence was disproportionate to the severity of his offenses in violation of the Eighth Amendment. *See id.* at *2–4. We affirmed Mr. Challoner's conviction and sentence, *see id.* at *3–4, and the Supreme Court denied certiorari on October 6, 2003. *See Challoner v. United States*, 540 U.S. 922 (2003).

On October 6, 2004, Mr. Challoner filed his § 2255 petition alleging ineffective assistance of trial counsel and that his convictions and sentences under Counts 14, 5, and 3 violate the Double Jeopardy Clause. Because he failed to raise the double jeopardy claim on direct appeal, the district court ordered Mr. Challoner to show cause and prejudice, if any. The court also appointed counsel. In response, Mr. Challoner argued for the first time that his appellate counsel was constitutionally deficient in failing to raise the double jeopardy issue on direct appeal. The district court denied Mr. Challoner's § 2255 petition in its entirety, ruling in part that he had not shown cause for his procedural default of the double jeopardy claim. This court granted Mr. Challoner a COA on the sole issue of whether his sentence on Count 14 violates the double jeopardy clause.

## II. DISCUSSION

Before addressing the particulars of Mr. Challoner's double jeopardy argument, we must first set forth in detail his convictions and sentences on Counts 14, 5, and 3. Count 14 charged Mr. Challoner under 18 U.S.C. § 844(h), a sentencing enhancement provision which mandates a ten-year sentence in addition

to any other sentence if the defendant uses fire or an explosive to commit any felony or carries an explosive during the commission of any felony. The count charged Mr. Challoner under both alternatives and referred to the felonies comprising both Count 1 (conspiring to commit bank robbery) and Count 2 (attempted bank robbery). Count 5 charged Mr. Challoner under 18 U.S.C. § 924(c)(1)(B)(ii), which similarly provides for a thirty-year sentencing enhancement if the defendant uses or carries a destructive device during and in relation to a crime of violence, or if he possesses a destructive device in furtherance of a crime of violence. The destructive device was described as a Molotov cocktail, and the count referred to Counts 1 (conspiring to commit bank robbery) and 4 (damage to property by means of fire) as the predicate crimes of violence. The jury's verdict, however, noted only Count 1 as the predicate crime of violence. Finally, Count 3 charged a second violation of § 924(c), this time charging Mr. Challoner based on his brandishing of the shotgun during and in relation to the attempted bank robbery described by Count 2. A second § 924(c) conviction carries a twenty-five-year sentence enhancement. Accordingly, the district court sentenced Mr. Challoner to ten years on Count 14, thirty years on Count 5, and twenty-five years on Count 3, all to run consecutively to each other.

In his § 2255 petition and on appeal, Mr. Challoner argues that the same offense supported his convictions on Counts 14, 5, and 3, and that he has been punished multiple times for the same crime in violation of the Double Jeopardy

Clause. He failed to raise this claim, however, on direct appeal. Ordinarily, "[section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotations and citations omitted).

Mr. Challoner maintains that his appellate counsel's failure to raise this multiplicity claim on direct appeal constitutes cause. In such a circumstance, the "error must rise to the level of ineffective assistance of counsel, however, for [a] defendant to overcome the failure to raise the claim." *United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default."). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for demonstrating ineffective assistance of counsel: A defendant must show both that his counsel's representation "fell below an objective standard of reasonableness," and that there is a reasonable probability that, but for the counsel's error, "the result of the proceeding would have been different." *Id.* at 688, 694.

Because Mr. Challoner argues that his appellate counsel was ineffective in

omitting an issue on appeal, "our 'scrutiny . . . must be highly deferential'" to counsel's conduct. *United States v. Cook*, 45 F.3d 388, 394 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 689). Every effort must be made "'to evaluate the conduct from counsel's perspective at the time,'" and "'[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). To overcome this strong presumption, a defendant "bears a heavy burden." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000).

Mr. Challoner has not met this heavy burden. In his reply brief, Mr. Challoner contends his appellate counsel was ineffective because "[t]he issue of double jeopardy was not a weak issue, but rather . . . a viable issue that was deserving of appellate review." The omission of a "viable" issue, however, does not in and of itself constitute ineffective assistance of counsel. *See Cook*, 45 F.3d at 394 ("The Sixth Amendment does not require an attorney to raise every nonfrivolous argument on appeal."). "[The] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). Nevertheless, the omission of a "dead-bang winner" by counsel is deficient performance which may result in prejudice to a defendant.

-7-

*Cook*, 45 F.3d at 395. A "dead-bang winner" is "an issue which was obvious from the trial record *and* one which would have resulted in a reversal on appeal." *Id.* (citations omitted).

Count 14 charged a violation of § 844(h), while Counts 3 and 5 charged violations of § 924(c). Although we have held that double jeopardy prohibits multiple § 924(c) convictions that are based on the same underlying offense, *see United States v. Parra*, 2 F.3d 1058, 1070–71 (10th Cir. 1993), we are unaware of any authority stating that the same rule applies to convictions under § 844(h) and § 924(c). Therefore, Mr. Challoner's double jeopardy argument requires a non-obvious extension of currently existing law. While the argument may indeed be nonfrivolous, it is far from a "dead-bang winner." *See Cook*, 45 F.3d at 395 (suggesting that appellate counsel's failure to raise issue which "'was obvious on the record, and must have leaped out upon even a casual reading of [the] transcript'" was objectively unreasonable) (quoting *Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir. 1987)). In this case, then, we cannot say that it was objectively unreasonable for Mr. Challoner's appellate counsel to omit the issue in favor of what he considered stronger arguments. *See, e.g.*, *United States v. Magleby*, 420 F.3d 1136, 1145 (10th Cir. 2005) ("Whatever the merits of Mr. Magleby's . . . contention, it was not so obvious at the time of his direct appeal that counsel's failure to raise it was unreasonable. No decisions had yet adopted his view."). Mr. Challoner's claim of ineffective assistance of counsel thus fails

to satisfy the first prong of the *Strickland* test.

We hold that Mr. Challoner has not demonstrated that his attorney was ineffective in failing to raise the double jeopardy issue on direct appeal. Thus, Mr. Challoner has failed to show cause excusing the procedural default, and we cannot reach the merits of this claim on collateral review.

### III. CONCLUSION

The district court correctly held that Mr. Challoner's double jeopardy claim was procedurally barred. We therefore AFFIRM the denial of his § 2255 motion.