FILED
United States Court of Appeals
Tenth Circuit

**February 3, 2011**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BARRY P. FILLMAN,

      Defendant - Appellant.

No. 10-3290
(D.C. Nos. 10-CV-01091-JTM and
6:06-CR-10218-JTM-1)
(D. Kan.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Barry P. Fillman, a federal inmate proceeding pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct a

sentence by a person in federal custody. The issuance of a COA is jurisdictional

and requires a movant to make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Fillman must show that

reasonable jurists would find the district court's assessment of a procedural or

constitutional claim debatable or wrong. Tennard v. Dretke, 542 U.S. 274, 282

(2004) (internal quotation marks and citations omitted); Slack v. McDaniel, 529

U.S. 473, 485 (2000). We conclude that he has not met this standard; accordingly

we deny a COA and dismiss the appeal.

The parties are familiar with the facts and we need not restate them here. See United States v. Fillman, 325 F. App'x 700 (10th Cir. 2009). Suffice it to say, Mr. Fillman was convicted of two counts of possession of an unregistered firearm and three counts of being a felon in possession of a firearm. 1 R. 13. He was sentenced to a controlling sentence of 292 months with three years' supervised release on each count to run concurrently. Id. at 14-15. On appeal, his convictions and sentence were affirmed. Fillman, 325 F. App'x at 709.

In this appeal from the denial of his § 2255 motion, Mr. Fillman argues that (1) the indictment and resulting sentence were multiplicitous, (2) various enhancements to his sentence violated his right to a jury trial, and (3) he received ineffective assistance of counsel because counsel failed to conduct an adequate investigation, interview potential witnesses, apply for funds for an expert witness, and challenge a faulty indictment. Aplt. Br. at 2, 13.

The first argument is procedurally barred for not having been raised on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998). A § 2255 motion does not substitute for an appeal; only if Mr. Fillman can show cause and prejudice or fundamental miscarriage of justice (actual innocence) may the bar be excused. Bousley, 523 U.S. at 621-22. Mr. Fillman argues that cause is ineffective assistance of counsel on appeal and the prejudice is a consecutive 120-month sentence and $300 in special assessment fees. Aplt. Br. at 6. While

attorney ineffectiveness can constitute cause, see United States v. Challenger, 583 F.3d 745, 749 (10th Cir. 2009) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)), as we discuss below the district court's conclusion that counsel was not ineffective is not reasonably debatable. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (listing requirements for ineffective assistance of counsel). Further, Mr. Fillman cannot show prejudice as the indictment and sentence were not multiplicitous. The two unregistered firearm counts involved two devices—the explosives found on his person and the rifle found in his truck, see Fillman, 325 F. App'x at *702— and 26 U.S.C. § 5841(b) contemplates registration for "each firearm." 26 U.S.C. § 5841(b). We treat each unregistered firearm "a separate unit for the purposes of criminal prosecution." Sanders v. United States, 441 F.2d 412, 414 (10th Cir. 1971). As to the felon-in-possession counts, 18 U.S.C. § 922(g)(1), the firearms and ammunition were discovered in different locations and are thus separate offenses. See United States v. Hutching, 75 F.3d 1453, 1460 (10th Cir. 1996). Accordingly, Mr. Fillman cannot demonstrate cause and prejudice, let alone actual innocence, and the argument is procedurally barred.

Insofar as his argument that the factual findings underlying various enhancements violate his Sixth Amendment right to a jury trial, that contention was rejected on direct appeal because the district court applied the guidelines in an advisory manner. Fillman, 325 F. App'x at 707. Absent a change in the law

of the circuit, issues previously decided on direct appeal may not be raised in a

§ 2255 motion. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

We have carefully considered Mr. Fillman's arguments that counsel was ineffective at trial and at sentencing, particularly that counsel failed to call witnesses that would have testified that the devices at issue were merely fireworks. Aplt. Br. 13-20. Given that Mr. Fillman must establish both deficient performance and prejudice, the district court's conclusion that he cannot is not reasonably debatable. Although Mr. Fillman has identified various acts and omissions of counsel, we must "evaluate the conduct from counsel's perspective at the time" with a heavy dose of deference—particularly with regard to potential tactical choices. See Strickland, 466 U.S. at 689. Given the expert testimony in the case, the potential testimony from Mr. Fillman's friends that he was in the business of testing fireworks simply does not create a reasonable probability that the outcome would have been different. Nor does the assertion that another expert would have provided favorable testimony. Counsel's advice concerning Mr. Fillman not testifying given the state proceedings is precisely the type of tactical decision that we may not second-guess.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -