**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEPHEN VINCENT HUNT,

    Defendant-Appellant.

No. 11-1081

(D. C. No. 1:10-CV-00447-DME and
D. C. No. 1:06-CR-00155-DME-1)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

---

Stephen Vincent Hunt, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2255 petition for a writ of habeas corpus. Because Hunt has failed to satisfy the standards

for the issuance of a COA, we deny his request and dismiss this matter.

I

In June 2007, a federal jury convicted Hunt on six counts of bank robbery in

violation of 18 U.S.C. §§ 2113(a) and (d) and six counts of using, carrying, brandishing,

or discharging a firearm during and in relation to each robbery in violation of 18 U.S.C. §

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

924(c). The district court sentenced Hunt to a term of 1,760 months' imprisonment for all twelve convictions. Hunt appealed his convictions. We affirmed the district court in January 2009, and the Supreme Court denied certiorari. See United States v. Hunt, No. 07-1518, 2009 WL 175063 (10th Cir. Jan. 27, 2009), cert. denied, 129 S. Ct. 1687 (2009).

In February 2010, Hunt filed a § 2255 habeas petition alleging that his convictions should be vacated because (1) the district court judge that presided over his trial and sentencing was under investigation for judicial misconduct; (2) his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, were violated; (3) the indictment against him was deficient; and (4) he received ineffective assistance from trial counsel in violation of his Sixth Amendment rights. In February 2011, the district court denied Hunt's habeas petition in a lengthy and very thorough memorandum and order. Following the district court's order, Hunt filed with this court a notice of appeal and an application for a COA.

II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III

In his application for a COA, Hunt argues that the district court erred in denying

2

his habeas petition because (1) the district court judge who presided over his trial and sentencing was being investigated for judicial misconduct; (2) his right to a speedy trial was violated; (3) he is innocent of the crimes for which he was convicted; and (4) he received ineffective assistance from his trial attorney. For the reasons discussed below, we conclude that Hunt is not entitled to a COA based on these arguments.

A.     *Judicial Misconduct*

Hunt first claims that his convictions should be vacated because the district court judge who presided over his trial and sentencing was being investigated for judicial misconduct. According to Hunt, the fact that the judge was under investigation rendered the judicial proceedings fundamentally unfair to him.

We note that because Hunt failed to raise this issue on direct appeal, he is procedurally barred from raising it in a habeas petition. See United States v. Challoner, 583 F.3d 745, 749 (10th Cir. 2009) (A defendant may not file a habeas petition "to test the legality of matters which should have been raised on appeal."). But even if Hunt had not waived this issue, we conclude that he is not entitled to a COA on this basis. It is undisputed that the judicial misconduct charges against the district court judge were unrelated to Hunt's prosecution. See ROA, at 107-11. Further, Hunt does not allege, and the record does not indicate, that the district court judge acted improperly during trial or sentencing or that the judge prejudiced Hunt in any way. We therefore conclude that

3

reasonable jurists would agree that the district court's[1] denial of Hunt's habeas petition on this basis was proper.

**B.      *Speedy Trial Act***

Next, Hunt argues that his convictions should be vacated because the district court violated his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, when it allowed more than seventy days to pass between his first trial and his second trial.[2]  "The Speedy Trial Act requires that a federal criminal trial commence within seventy days of the later of the filing of the information or indictment or the defendant's initial appearance."  18 U.S.C. § 3161(c)(1).  When a mistrial has occurred, "the [second] trial shall commence within seventy days from the date the action occasioning the mistrial becomes final."  Id. § 3161(e).  This seventy-day period, however, can be tolled for a number of reasons.  For example, if the court holds a hearing on a pretrial motion, the clock stops from the time the motion is filed until "the conclusion of the hearing" on the motion.  Id. § 3161(h)(1)(D); see United States v. Smith, 569 F.3d 1209, 1211 (10th Cir. 2009).

It appears that Hunt waived his right to assert a claim under the Speedy Trial Act because, prior to his second trial, he did not move to dismiss the indictment on this basis.  Under the Act, the "[f]ailure of the defendant to move for dismissal prior to trial . . . shall

---

[1] As a result of the judicial misconduct proceedings, and prior to the date Hunt filed his habeas petition, the district court judge presiding over Hunt's case resigned.  Hunt's petition was adjudicated by a different judge in the District of Colorado.

[2] The first trial ended when the district court declared a mistrial as a result of the prosecution failing to disclose Brady material to the defense prior to trial.  See ROA at 264-65.

4

constitute a waiver of the right to dismissal." 18 U.S.C. § 3162(a)(2). We note that prior to the second trial, Hunt's attorney informed the court that Hunt "had always wanted an earlier trial." ROA at 258. This statement, however, cannot properly be deemed a motion to dismiss. See United States v. Lugo, 170 F.3d 996, 1001 (10th Cir. 1999) (holding that a defendant did not preserve his rights under the Speedy Trial Act when defense counsel informed the court that "he might file a motion to dismiss on speedy trial grounds"). We also note that prior to the second trial, Hunt submitted a pro se letter to the district court asking that his trial be moved from June to May 2007. ROA at 258. Hunt, however, did not request dismissal under the Act. And even if he had done so, his letter would not have been sufficient for this purpose. See United States v. Williams, 605 F.3d 556, 573 (8th Cir. 2010) (holding that a claim under the Speedy Trial Act was waived after the district court struck the defendant's pro se motion to dismiss the indictment because the defendant was represented by counsel); see also United States v. Hildreth, 485 F.3d 1120, 1124 (10th Cir. 2007) (striking pro se motion because the defendant was represented by counsel).

But regardless of whether Hunt waived his rights under the Speedy Trial Act, the record indicates that the district court complied with the requirements of the Act. The court granted Hunt's motion for a mistrial on January 17, 2007. Dist. Ct. Dkt. #113. This started the seventy-day clock under 18 U.S.C. § 3161(e). Seven days later, on January 25, Hunt moved to dismiss the third superseding indictment, and he requested a hearing on the motion. Dist. Ct. Dkt. #128. The district court subsequently held a hearing on

5

May 29, where it denied Hunt's motion from the bench. Dist. Ct. Dkt. #162. Under the Speedy Trial Act, the time during which Hunt's motion to dismiss was pending—from January 25 to May 29—is excluded from the seventy-day calculation. See 18 U.S.C. § 3161(h)(1)(D); see also Henderson v. United States, 476 U.S. 321, 326-30 (1986). Therefore, when Hunt's retrial began on June 4, only twelve days had elapsed for purposes of the Act—seven days between the order of mistrial and the date Hunt filed his motion to dismiss, and five days between the district court's denial of Hunt's motion and the date the second trial began. Accordingly, Hunt's rights under the Speedy Trial Act were not violated.

C.      *Actual Innocence*

Hunt alleges in his application for a COA that he is entitled to habeas relief because he is innocent of the crimes for which he was convicted. Although Hunt did not assert actual innocence in his initial habeas petition, he did argue in his reply to the government's opposition that "[he was] innocent." ROA at 229. In any event, to the extent Hunt argues he is innocent, he is not entitled to COA on this basis. This is because Hunt has not provided us with any argument in support of his claim of innocence. He neither points to any evidence that could contradict the evidence presented at trial nor indicates why we should conclude that he is innocent. Further, the evidence elicited at trial, as outlined in the district court's ruling in this case, overwhelmingly supported Hunt's convictions. We therefore conclude that reasonable jurists would agree that the district court properly denied Hunt's habeas petition on this basis.

*D.    Ineffective Assistance of Counsel*

In his habeas petition, Hunt argued that his attorney was ineffective in a number of ways.  The district court disagreed with each of Hunt's assertions.  In his application for a COA, Hunt contests only the district court's conclusion that he is not entitled to habeas relief on the basis that his attorney should have called an expert witness to rebut the government's DNA expert.[3]  The district court concluded that because Hunt simply alleged in conclusory fashion that defense counsel should have called such a witness, his assertion was "simply too vague to . . . establish[] that he is entitled to § 2255 relief."  Id. at 271-72.

We conclude that reasonable jurists would agree that Hunt is not entitled to habeas relief on this basis.  In his § 2255 motion, as well as in his application for a COA, Hunt does no more than simply allege that his attorney should have called a rebuttal witness because the DNA evidence presented by the government was subject to more than one interpretation.  Id. at 41; Aplt. Br. at 4.  Hunt does not explain why the DNA evidence was unreliable, how a rebuttal expert would have aided in his defense, or how his attorney's failure to call a rebuttal expert was prejudicial to him.  See Snow v. Sirmons, 474 F.3d 693, 724-25 (10th Cir. 2007) (rejecting ineffective assistance of counsel claim when habeas petitioner failed to indicate "why counsel's failure to object to the evidence was deficient and how such alleged failure prejudiced him").  Because Hunt alleges only

---

[3] The government's expert testified that the DNA obtained from a ski mask recovered after the second robbery matched Hunt's DNA and the DNA of his girlfriend. ROA at 262.

7

that his attorney should have called a rebuttal witness, reasonable jurists would agree that the district court correctly denied Hunt's habeas petition on this basis.

IV

The district court denied Hunt's request to proceed on appeal *in forma pauperis*, concluding that his habeas petition was "not taken in good faith." Dist. Ct. Dkt. #315. We likewise deny Hunt's request to proceed *in forma pauperis* because we conclude that he did not present any non-frivolous arguments in his application for a COA.

V

Accordingly, Hunt's application for a COA is DENIED, his request to proceed *in forma pauperis* is DENIED, and this matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge