**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARNOLDO ZAPATA,

    Defendant - Appellant.

No. 11-1127
(D.C. Nos. 1:09-CV-01178-LTB &
1:04-CR-00403-LTB-4)
(D. Colo.)

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HUMBERTO GALVAN,

    Defendant - Appellant.

No. 11-1158
(D.C. No. 1:09-CV-02440-LTB &
1:04-CR-00403-LTB-12)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendants-Movants Arnoldo Zapata and Humberto Galvan, federal

inmates appearing pro se, seek to appeal from the district court's denial of their

28 U.S.C. § 2255 motions to vacate, set aside, or correct their sentences. Because

neither has made "a substantial showing of the denial of a constitutional right,"

28 U.S.C. § 2253(c)(2), we deny their requests for certificates of appealability ("COA") and dismiss the appeals.

Background

Eighteen defendants were charged in a thirty-five-count indictment stemming from a large-scale cocaine trafficking scheme. United States v. Zapata, 546 F.3d 1179, 1182 (10th Cir. 2008). Several defendants pleaded guilty and testified against their codefendants. Id. Five defendants, including Arnoldo Zapata and Humberto Galvan, were tried before a jury and convicted of conspiring to distribute and possess with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846 and related offenses. Id. at 1182, 1184-85; R. 6. At sentencing, the district court found that at least 150 kilograms of cocaine were attributable to each defendant for the conspiracy count, which produced a base offense level of 38. Zapata, 546 F.3d at 1185.

With a base offense level of 38 and a criminal history category of I, Mr. Zapata faced a Guidelines range of 235-293 months' imprisonment, and the court sentenced him to 235 months. Id. With a downward adjustment for his minor role in the conspiracy, Mr. Galvan faced a base offense level of 32 and a criminal history category of I, which produced a Guidelines range of 121-151 months. Id. He was sentenced to 121 months' imprisonment. Id. This court affirmed the

convictions and sentences of Mr. Zapata and Mr. Galvan on direct appeal. Id. at 1194.

Discussion

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies the constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a § 2255 motion on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Most of the claims involved here are ineffective assistance of counsel claims. To prevail on such a claim, the movant must demonstrate that (1) defense counsel's performance was deficient, meaning counsel's "representation fell below an objective standard of reasonableness" and (2) defendant was prejudiced by counsel's performance, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

- 3 -

A.    Mr. Zapata's Claims

1.    Sentencing

Mr. Zapata seeks to appeal on several grounds.  He first argues that his sentence was improper under United States v. Booker, 543 U.S. 220 (2005) because it was based on the district court's finding of 150 kilograms of cocaine under a preponderance of the evidence standard.  Aplt's Combined Op. Br. & App. for COA at 3.  The district court concluded that the argument was procedurally defaulted because Mr. Zapata failed to make the argument on direct appeal.  R. 134-35.

"Ordinarily, [section] 2255 is not available to test the legality of matters which should have been raised on appeal."  United States v. Challoner, 583 F.3d 745, 749 (10th Cir. 2009) (alteration in original) (quotation marks and citation omitted). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."  Id. (quotation marks and citation omitted).  A showing of ineffective assistance of counsel constitutes cause to overcome a failure to raise the claim. Id.

Mr. Zapata argues counsel's failure to raise this claim on direct appeal constitutes cause.  "When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue.  If

the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006) (citations omitted).

As an initial matter, we note that the district court found the drug quantity "beyond a reasonable doubt." See Zapata, 546 F.3d at 1193. In any event, we have repeatedly held that there is no Booker violation where a district court finds additional facts by a preponderance of the evidence to calculate an advisory Guidelines sentencing range. See United States v. Hall, 473 F.3d 1295, 1312 (10th Cir. 2007); United States v. Rodriguez–Felix, 450 F.3d 1117, 1130 (10th Cir. 2006). There is no evidence that the district court applied the Guidelines in a mandatory fashion. Given Mr. Zapata's failure to show cause to overcome the procedural default, reasonable jurists would not debate whether the motion states a valid claim of the denial of a constitutional right.

2.      Remaining Ineffective Assistance Claims

Mr. Zapata also argues that his counsel was ineffective for failing to inform and advise him about the government's offer of a plea agreement. Aplt's Combined Op. Br. & App. for COA at 9. In response to Mr. Zapata's initial § 2255 motion in the district court, the government submitted an affidavit from Mr. Zapata's counsel in which counsel explained that he discussed several plea offers with Mr. Zapata, informed him of the consequences of trial, and advised him to accept the plea. R. 119-20. Noting that Mr. Zapata had not provided any

evidence or argument to the contrary, the district court denied the claim. Id. at 133-34.

The failure to inform a defendant of a favorable plea agreement (deficient performance) can constitute ineffective assistance of counsel where the defendant can show that but for counsel's deficient performance he would have accepted the plea (prejudice). See Williams v. Jones, 571 F.3d 1086, 1090 nn.3 & 4 (10th Cir. 2009). On appeal, Mr. Zapata contends that had he been informed of the government's plea offer, he would have accepted the plea. Aplt's Combined Op. Br. & App. for COA at 9-10. Before the district court, he argued that "counsel fail[ed] to explain the whole process of the trial and the process of signing the plea agreement" and that "counsel never [gave] him the opportunity to plea[d] guilty." R. 61. In reply to the government's response, he admitted that he was represented during plea negotiations but asserted that he did not understand the advantages and disadvantages of going to trial. Id. at 123-24. He never argued before the district court that he would have accepted a plea offer, and we do not think that the district court's rejection of this claim is reasonably debatable particularly given Mr. Zapata's complete failure to controvert the specific and detailed recollection of counsel about more than one year of plea negotiations and offers communicated to Mr. Zapata.

Mr. Zapata also argues that counsel was ineffective for failing to object to the government's alleged use of his codefendants' guilty pleas to prove his guilt,

<u>see</u> Aplt's Combined Op. Br. & App. for COA at 6-9[1] and for refusing to allow

him to testify at trial, despite his express statement to counsel that he wanted to

testify. <u>Id.</u> at 11. These arguments are raised for the first time here, and we will

not consider them. <u>See</u> <u>United States v. Mora</u>, 293 F.3d 1213, 1216 (10th Cir.

2002).

       3.    <u>Evidentiary Hearing</u>

Finally, Mr. Zapata argues that the district court erred in denying his

§ 2255 motion without an evidentiary hearing. Aplt's Combined Op. Br. & App.

for COA at 13. An evidentiary hearing is not required where "the motion and the

files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b). Because Mr. Zapata has not made a colorable

showing that he is entitled to any relief, we cannot say the district court abused its

discretion in denying an evidentiary hearing. <u>See</u> <u>Hooks v. Workman</u>, 606 F.3d

715, 731 (10th Cir. 2010).

B.    <u>Mr. Galvan's Claims</u>

Mr. Galvan argues that counsel was ineffective for failing to inform him of

his rights under the Speedy Trial Act ("STA") and failing to seek dismissal of his

---

[1] Before the district court, Mr. Zapata argued that counsel was ineffective for failing to explain that his sentence was going to be based on a codefendant's testimony. R. 61. The district court rejected this claim, noting that the allegation was refuted by counsel's affidavit, but regardless that Mr. Zapata had not provided any argument or evidence supporting his claim. <u>Id.</u> at 133-34. Mr. Zapata did not argue before the district court that counsel was ineffective for failing to object to the government's use of any codefendant's testimony at trial.

indictment based on a violation of the STA.  Aplt's Verified Motion for Issuance of a COA at 2.[2]  The district court denied this claim.  R. 158.

The STA "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance."  Zedner v. United States, 547 U.S. 489, 492 (2006) (citing 18 U.S.C. § 3161(c)(1)).  Mr. Galvan's trial began on August 21, 2006; he argues that the STA was violated because his trial should have started no later than July 30, 2006.  Aplt's Verified Motion for Issuance of a COA at 5.  He contends that his counsel was ineffective for failing to inform him of his STA rights and failing to seek dismissal of his indictment based on this violation of the STA.  But even assuming that the STA was violated and that counsel's performance was deficient, Mr. Galvan has not shown that he was prejudiced by counsel's performance.

In order to show prejudice, Mr. Galvan must establish a reasonable probability that the result or outcome of the proceeding would have been different had his counsel filed the motion to dismiss.  See United States v. Rushin, 642 F.3d 1299, 1309-10 (10th Cir. 2011).  Mr. Galvan summarily argues that "but for

---

[2] Mr. Galvan also argues before this court that counsel was ineffective for failing to object to the government's motion for a complex case designation pursuant to 18 U.S.C. § 3161(h)(8)(A) and 3161(h)(8)(B)(ii).  Aplt's Combined Op. Br. & App. for COA at 13.  See also United States v. Rushin, 642 F.3d 1299, 1302 n.2 (10th Cir. 2011) (noting that before 2008, subsection (h)(7) appeared as subsection (h)(8) but that the subsection remains substantively unchanged).  Mr. Galvan did not make this argument before the district court, see R. 72, and we will not consider it here.  See Mora, 293 F.3d at 1216.

the counsel's unprofessional errors, the result of the proceedings would have been different, i.e. the charges against him would have been dismissed." Aplt's Verified Motion for Issuance of a COA at 12 (quotation marks and citation omitted). But this statement alone falls short of establishing, as Mr. Galvan must, a reasonable probability that the ultimate result would have been different. See Zedner, 547 U.S. at 499 (where charges are dismissed without prejudice, the government can seek and obtain a new indictment); see also Rushin, 642 F.3d at 1310 n.12 (collecting cases holding that a defendant could not show prejudice based on counsel's failure to seek dismissal under the STA where an indictment would have been dismissed without prejudice); id. at 1312 (Holmes, J., concurring) ("[Movant] must show that the government would have been precluded from refiling the charges, either because the dismissal would have been *with* prejudice or because the applicable statute-of-limitations period would have elapsed." (citation omitted)).

If the STA is violated, the district court is required to dismiss the case on motion by the defendant under 18 U.S.C. § 3162(a)(2), but "the district court retains discretion to determine whether the indictment is dismissed with or without prejudice." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005). In determining whether to dismiss the case with or without prejudice, the district court must consider "among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to

the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).  "Prejudice to the defendant is among the 'other' factors the text of § 3162 directs the district court to consider."  United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006) (citing United States v. Taylor, 487 U.S. 326, 334 (1988)).

Mr. Galvan has not argued that the district court would have dismissed his case with prejudice.  Felony drug charges are generally treated as serious offenses, and Mr. Galvan has not presented any evidence that the government acted in bad faith or exhibited a pattern of neglectful or dilatory behavior.  See United States v. Williams, 576 F.3d 1149, 1158-59 (10th Cir. 2009).  In addition, Mr. Galvan has not shown how he has been prejudiced.  See Abdush-Shakur, 465 F.3d at 464 (discussing events that constitute prejudice).  Nor has he argued that the applicable statute-of-limitations period would have expired.  See Rushin, 642 F.3d at 1312 (Holmes, J., concurring).  Because Mr. Galvan has not established a reasonable probability that the result or outcome of the proceeding would have been different, reasonable jurists would not debate the district court's resolution of his claim.

Accordingly, we deny both requests for a COA, deny IFP status, and dismiss the appeals.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge