**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

KENNIN DEWBERRY,

     Defendant–Appellant.

No. 18-3110
(D.C. Nos. 5:16-CV-04115-JAR and
5:11-CR-40078-JAR-6)
(D. Kan.)

_____

**ORDER**

_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

_____

Mr. Kennin Dewberry was convicted of (1) conspiring to distribute 280 grams or more of crack cocaine and (2) conspiring to distribute five or more kilograms of powder cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846. Because of a prior felony drug conviction, the statutory minimum was twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(A). The district court imposed the statutory minimum.

Mr. Dewberry appealed, and we affirmed. *United States v. Dewberry*, 790 F.3d 1022, 1036 (10th Cir. 2015). Mr. Dewberry then filed a motion to vacate the conviction under 28 U.S.C. § 2255, and the district court denied the motion. Mr. Dewberry wants to appeal. To do so, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Accordingly, Mr.

Dewberry seeks a certificate of appealability, alleging ineffective assistance of counsel for failing to

- call Mr. Virok Webb as a witness,

- object to the government's allegation of a prior conviction for a felony drug offense, and

- challenge a statutory enhancement in the direct appeal.

We decline to issue a certificate of appealability.

## I. Standard for a Certificate of Appealability

To determine whether to grant a certificate of appealability, we consider the standard that would govern if the appeal were to proceed. If it did, we would engage in de novo review, applying the same standard that governed in district court. *United States v. Snyder*, 871 F.3d 1122, 1125 (10th Cir. 2017). Here, however, we do not engage in a full review of the merits. Instead, we consider only whether the district court's ruling was debatable. *Buck v. Davis*, 137 S. Ct. 759, 774 (2017).

Mr. Dewberry would meet this minimal burden only if a reasonable jurist could debate the merit of one or more of his claims. These claims required Mr. Dewberry to show that his attorney's actions had been deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984); *see also United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (applying *Strickland* to appellate counsel).

2

To prove a deficiency, Mr. Dewberry had to show that counsel's representation had fallen below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. But a merits panel would presume that the legal representation was adequate and that the attorney used reasonable judgment. *Challoner*, 583 F.3d at 749. In light of this presumption, Mr. Dewberry's claims do not surpass the minimal threshold for a certificate of appealability.

## II.    Failure to Call Mr. Webb to Testify

Mr. Dewberry argues that if his attorney had called Virok Webb to testify, an acquittal would have been more likely. But even if Mr. Webb's testimony would have made a difference, Mr. Dewberry could not show a deficiency in the representation.

Mr. Dewberry's attorney had no opportunity to meet with Mr. Webb, who denied multiple requests for an interview. The attorney would have had to call Mr. Webb to the stand without knowing what he would say in his testimony. This tactic would have been risky, and the attorney made a strategic decision not to call Mr. Webb as a witness without knowing what he would say.[1] Any reasonable jurist would regard this decision as a reasonable exercise of judgment.

---

[1]    As the district court recognized, calling Mr. Webb as a witness would allow the government to reveal that he had bought cocaine from an individual identified by others as Mr. Dewberry. *United States v.*

## III. Failure to Object to the Use of Prior Drug Felony

The government alleged that Mr. Dewberry was subject to an enhanced minimum sentence because of a prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(A). A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). In light of this definition, the district court ruled that Mr. Dewberry had a prior felony drug conviction, relying on a conviction for conspiracy to distribute and possess with the intent to distribute more than 100 kilograms of marijuana. *United States v. Dewberry*, No. 4:07-cr-00727-CAS-7, Docket No. 159 (E.D. Mo. Sept. 11, 2008).

Mr. Dewberry argues that his counsel was deficient for failing to object to the use of this prior drug conviction. According to Mr. Dewberry, his prior conviction was not for a felony drug offense because he was sentenced only to probation and home confinement. But the actual sentence is irrelevant; what matters is the statutory maximum. 21 U.S.C. § 802(44).

Mr. Dewberry's reliance on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) is misguided. In *Simmons*, the court stated that

*Dewberry*, No. 11-40078-06-JAR, 2018 WL 1456524, at *11 (W.D. Kan. Mar. 23, 2018).

the defendant "could not have received a sentence exceeding eight months' community punishment" for his prior conviction. *Id.* at 243. Because Mr. Dewberry's prior conviction was for a crime punishable by imprisonment for more than one year, he qualified for the enhancement. As a result, *Simmons* is plainly inapplicable and no reasonable jurist would find a deficiency based on the absence of an objection to the use of a prior drug felony.

## IV.  Failure to Appeal an Enhancement

Finally, Mr. Dewberry alleges that his appellate counsel was ineffective for failing to raise winning arguments.

To show that appellate counsel is ineffective for failing to raise an issue, the omitted issue must have been "'obvious from the trial record *and* one which would have resulted in a reversal on appeal.'" *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (emphasis in original) (quoting *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995)).

The district court denied relief because Mr. Dewberry had failed to identify the issues that his counsel should have appealed. He mentions only one: that his attorney should have challenged the sentence enhancement. But this argument probably would have failed on direct appeal because Mr. Dewberry was convicted of a prior felony drug offense. *See* Part III, above. Thus, his appellate attorney could not have effectively challenged the enhancement. In these circumstances, no jurist could reasonably credit

5

Mr. Dewberry's claim of ineffective assistance for failing to raise an issue on appeal.

## V.    Disposition

We decline to issue a certificate of appealability. In the absence of a certificate, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge