FILED
United States Court of Appeals
Tenth Circuit

January 25, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICK D. DEBERRY,

Defendant-Appellant.

No. 08-1490
(D.C. No. 03-CR-00495-WDM-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

---

In this case we are asked to consider whether the Sixth Amendment is violated by an upward departure from the sentencing guidelines based on facts found by a judge by a preponderance of the evidence during a sentencing hearing rather than found by a jury or admitted by the defendant. Following existing Tenth Circuit precedent, we conclude that it does not.

**BACKGROUND**

While serving time at the U.S. Penitentiary in Florence, Colorado, the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant, Frederick Deberry, took part in a violent altercation involving several inmates. During this alteration, Mr. Deberry allegedly stabbed another inmate five times in the back with an ice-pick-style-weapon, commonly known as a shank. Following an investigation of the incident, Mr. Deberry, along with two other inmates, was indicted for assault with intent to commit murder, assault resulting in serious bodily injury, and possession of a weapon in prison. Mr. Deberry, proceeding *pro se*, later reached a plea agreement with the government whereby the government agreed to drop the assault charges in exchange for Mr. Deberry's plea of guilty to possession of a weapon in prison.

Although Mr. Deberry agreed only to plead guilty to possession, the plea agreement contained a description of the alleged assault. Upon Mr. Deberry's objection to this language, a handwritten note was added to the agreement and initialed by the parties. The note provided that "[t]he defendant reserves the right to contest and to disagree with any language indicating that he did anything other than possess the prohibited object. The defendant also reserves the right to contest the extent of any injuries [the victim] may have received." (R. Vol. I, Doc. 551 at 5.) At the change of plea hearing, the parties again clarified that Mr. Deberry was admitting to possession of the weapon but "specifically disavow[ing] any usage of that weapon in connection with any injuries [the victim] may or may not have received." (R. Vol. II, Doc. 605 at 17.)

In preparation for Mr. Deberry's sentencing, a pre-sentence report ("PSR")

was prepared that calculated Mr. Deberry's offense level at eleven with a criminal history category of IV, resulting in an advisory guideline range of eighteen to twenty-four months in prison. However, the PSR recommended an upward departure to a sentence of sixty months, the statutory maximum for possession, based on the alleged assault and the extent of the resulting injuries. Mr. Deberry objected to the recommended sentence and disputed the facts contained in the PSR; in response the court scheduled an evidentiary hearing.[1]

During the hearing, the court heard testimony from four witnesses and admitted several exhibits including an actual DVD recording of the altercation and the shank allegedly used against the victim. After considering the evidence and the parties' arguments, the court found by a preponderance of the evidence that the victim suffered a life-threatening injury and that Mr. Deberry intentionally inflicted that injury on the victim. Based on these findings, the court determined that an upward departure was warranted. After considering the guidelines and the other 18 U.S.C. § 3553(a) factors, the court imposed a sentence of fifty-four months.

**DISCUSSION**

On appeal, Mr. Deberry, citing *Booker v. United States*, 543 U.S. 220

---

[1] Mr. Deberry also filed a motion to withdraw his guilty plea about this same time. The court denied this motion at the evidentiary hearing following its consideration of the relevant factors listed in *United States v. Black*, 201 F.3d 1296 (10th Cir. 2000).

(2005), argues that the upward departure, based on the judge's findings of fact, violates his Sixth Amendment right to trial by jury.[2]  More specifically, Mr. Deberry relies on Justice Scalia's concurrence from *Rita v. United States*, 551 U.S. 338 (2007), to argue that an upward departure that is within the statutory maximum but that could not be upheld as reasonable based only on facts contained in a defendant's guilty plea violates the Sixth Amendment.  "We review constitutional challenges to a sentence de novo."  *United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006).

Mr. Deberry's arguments, admittedly, make for interesting academic

---

[2] As a threshold matter, the government argues, citing to the plea bargain, that Mr. Deberry has waived the right to bring this appeal.  The specific provision states, in relevant part:

> The defendant agrees and consents to have his sentence determined by application of the Sentencing Guidelines.  The defendant waives any right to have facts that determine his offense level under the Guidelines alleged in an indictment and found by a jury.  The defendant agrees and consents that facts that determine the offense level will be found by the Court, by a preponderance of the evidence, and that the Court may consider and use any reliable evidence, including hearsay and the facts outlined in the Presentence Report.

(R. Vol. I, Doc. 551 at 2.)  We agree that under this agreement Mr. Deberry would be precluded from challenging the court's determination of his offense level.  However, that is not the case here; instead, the court found facts to justify an upward departure from the recommended guideline range associated with Mr. Deberry's offense level.  Mr. Deberry is not contesting his offense level and corresponding guideline range, but rather the court's departure from it.  As such, this "appeal [does not] fall[] within the scope of the waiver of appellate rights." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

discussion; however, "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superceding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). In *United States v. Redcorn*, we addressed this exact issue. 528 F.3d 727, 745 (10th Cir. 2008) (wording the issue as whether "it is unconstitutional for the sentencing judge to rely upon a fact not found by the jury or admitted by the defendant in determining a sentence, where the sentence would not be reasonable in the absence of that fact"). In *Redcorn*, we held that, under *Booker,* "'when a trial judge exercises his discretion to select a specific sentence within a defined [statutory] range, the defendant has no right to a jury determination of the facts that the judge deems relevant.'" *Id*. at 746 (quoting *Booker*, 543 U.S. at 233) (alteration in original). Accordingly, the district court in this case "was within its constitutional authority in finding the facts that led to [a] discretionary sentence[] within [the] statutory range[]" of sixty months. *Id.* As the Seventh Circuit recently noted, "[w]hile this [Sixth Amendment] argument is not without its advocates, it is not the law." *United States v. Ashquar*, 582 F.3d 819, 825 (7th Cir. 2009) (citation omitted) (rejecting as-applied Sixth Amendment challenges to a "higher sentence [within the statutory maximum] based on judicially-found facts"); *see also United States v. Setser*, 568 F.3d 482, 498 (5th Cir. 2009) (same); *United States v. Conatser*, 514 F.3d 508, 527-28 (6th Cir. 2008) (same).

For the foregoing reasons we **AFFIRM** the conviction and sentence in this case.

Entered for the Court


Monroe G. McKay
Circuit Judge