**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 11-1355 |
| | (D.C. No. 1:11-CV-01053-WDM, |
| v. | D.C. No. 1:03-CR-00495-WDM) |
| | (D. Colo.) |
| FREDERICK D. DEBERRY, | |
| Defendant-Appellant. | |

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Frederick Deberry, a federal prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to challenge the district court's denial of his motion for

relief under 28 U.S.C. § 2255. Mr. Deberry has also filed a motion to proceed *in*

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Deberry is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

*forma pauperis* on appeal.  We deny Mr. Deberry's application for a COA and dismiss his appeal.  We also deny his motion to proceed *in forma pauperis*.

## BACKGROUND

The relevant facts are set forth in the district court's order denying Mr. Deberry's § 2255 motion; in our decision in *United States v. Deberry*, 364 F. App'x 404 (10th Cir. 2010), arising from Mr. Deberry's direct appeal in this case; and our decision in *United States v. Deberry*, 430 F.3d 1294 (10th Cir. 2005), adjudicating the government's direct appeal.  In brief, while imprisoned at the U.S. Penitentiary in Florence, Colorado, Mr. Deberry and two fellow inmates, Rodgerick Lackey and Paul Talifero, collaborated in an assault on another inmate, Wayne Wheelock.  In the course of the attack, Mr. Deberry allegedly stabbed Mr. Wheelock five times in the back with an ice-pick-style weapon (colloquially known as a "shank").  Mr. Deberry and his erstwhile collaborators are African American.  The victim, Mr. Wheelock, is Native American.  Three days after the altercation, three Native American inmates attacked and allegedly stabbed an African American inmate, Arnold Haskins, in retaliation for Mr. Deberry's assault on Mr. Wheelock.

Following an investigation, Messrs. Deberry, Lackey, and Talifero were charged in a four-count superseding indictment in October 2003.  However, the Native American inmates involved in the later attack were not immediately charged.  Mr. Deberry and his codefendants then brought a claim of selective

2

prosecution. The district court ordered discovery, but the government refused to comply. The court then dismissed the indictment against the three defendants, allowing the government to appeal the discovery order. In the meantime, in July 2005, the Native American inmates involved in the later attack were indicted.

In December 2005, this court reversed the district court's dismissal of the indictment against Messrs. Deberry, Lackey, and Talifero. *Deberry*, 430 F.3d at 1302. We held that the defendants had not carried their burden under *United States v. Armstrong*, 517 U.S. 456 (1996), of showing both discriminatory effect and discriminatory intent in order to warrant discovery on a selective-prosecution claim. *Deberry*, 430 F.3d at 1300–01. In particular, we concluded that the defendants and the Native American inmates were not similarly situated in one significant respect: A video camera captured the defendants' attack on Mr. Wheelock, while the Native American inmates' attack on Mr. Haskins occurred inside a cell, out of camera range, thus necessitating the use of less reliable evidence (eyewitness testimony) and more preparation for trial. *Id.* at 1301.

After remand, Mr. Deberry entered into a plea bargain with the government, agreeing to plead guilty to one count of possession of a dangerous weapon in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3), in exchange for dismissal of all other charges against him. Although Mr. Deberry's guilty plea pertained to possession only, the plea agreement contained a description of the alleged assault, and Mr. Deberry objected to some of its language. By handwritten note attached

3

to the agreement and initialed by the parties, Mr. Deberry reserved the right to contest language indicating that he did anything other than possess the prohibited weapon. He also reserved the right to contest the extent of any injuries sustained by the victim, Mr. Wheelock. At the change of plea hearing, the parties clarified that Mr. Deberry was admitting to possession of the weapon but specifically disavowing any use of the weapon in connection with Mr. Wheelock's injuries.

A pre-sentence report ("PSR") was prepared that calculated Mr. Deberry's offense level at eleven with a criminal history category of IV, resulting in an advisory Guidelines range of eighteen to twenty-four months in prison. However, the PSR recommended an upward departure to a sentence of sixty months (the statutory maximum for possession) based on the alleged assault and the extent of the resulting injuries. Mr. Deberry objected to the recommended sentence and disputed the facts contained in the PSR. In response, the court scheduled an evidentiary hearing.

During the hearing, the court heard testimony from four witnesses and admitted several exhibits, including the video recording of the altercation and the shank allegedly used against Mr. Wheelock. After considering the evidence and the parties' arguments, the court found by a preponderance of the evidence that Mr. Wheelock suffered a life-threatening injury and that Mr. Deberry intentionally inflicted that injury. Based on these findings, the court determined that an upward departure was warranted and, after considering the Guidelines and

4

the other 18 U.S.C. § 3553(a) factors, imposed a sentence of fifty-four months.

On direct appeal, Mr. Deberry argued that the upward departure based on the district court's findings of fact denied him his Sixth Amendment right to trial by jury. We rejected this argument based on the well-established principle that (as long as the Guidelines are applied in advisory fashion) a defendant has no constitutional right to a jury determination of the facts supporting a sentencing enhancement if that enhancement falls within the statutory range for the offense. *See Deberry*, 364 F. App'x at 406. We thus affirmed Mr. Deberry's conviction and sentence, and the Supreme Court denied certiorari on June 1, 2010, *see* 130 S. Ct. 3371 (2010).

On April 21, 2011, Mr. Deberry filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting four claims: (1) vindictive and/or discriminatory prosecution, (2) judicial bias, (3) abuse of discretion by the sentencing court, and (4) ineffective assistance of counsel. On June 13, 2011, Mr. Deberry filed a motion to amend and add a fifth claim. The district court granted Mr. Deberry's motion to amend. In his fifth claim, Mr. Deberry asserted that the length of his sentence was unreasonable. The district court subsequently denied the § 2255 motion, as amended, and entered judgment on July 22, 2011. Mr. Deberry filed a notice of appeal on July 27, 2011. The district court then denied both his request for a COA and leave to proceed *in forma pauperis* on appeal. Mr. Deberry now seeks a COA from this court,

reasserting his five claims for relief.[2]  He also seeks our leave to proceed *in forma pauperis*.

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to our review of the merits of a habeas appeal.  *See* 28 U.S.C. § 2253(c)(1)(B); *accord United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011).  We will issue a COA "only if the [movant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the movant must demonstrate that "reasonable jurists could debate whether . . . the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Tony*, 637 F.3d at 1157 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).  When, as here, the district court denies a motion on the merits, the movant carries his burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *United States v. Bedford*, 628 F.3d 1232, 1234 (10th Cir. 2010) (quoting *Slack*, 529 U.S. at 484).

---

[2]     In his application for a COA, Mr. Deberry asserts what he styles a "[s]ixth [i]ssue," namely, that "[t]he district court committed clear error and abused its discretion when denying Appellant's section 2255 motion."  Aplt. Combined Opening Br. & Appl. for COA at 16.  Mr. Deberry's arguments under this heading reprise his arguments under the other five claims.  We therefore construe this sixth claim as subsumed within the other five.

## DISCUSSION

Four of the five claims that Mr. Deberry puts forth in his COA application arise out of the fifty-four-month sentence that was imposed by the district court and affirmed on direct appeal in *Deberry*, 364 F. App'x 404. In claim one (claim two in his original § 2255 motion before the district court), Mr. Deberry alleges judicial bias based on the stated findings of the district court at the sentencing hearing. In claim three (claim one in his original § 2255 motion), he alleges that he has been subject to vindictive prosecution and racial discrimination because the Native American inmates involved in the retaliatory attack received more lenient sentences than he and because the government sought the maximum sentence against him out of retaliation for his previous assertions of discriminatory prosecution. Claims two and four (originally claims three and five) are, in substance, challenges to the reasonableness of his sentence. Mr. Deberry asserts that the district court abused its discretion during the sentencing phase by failing to consider U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K2.10, applicable when a victim's conduct is wrongful and provocative; and that the length of his sentence is unreasonable in light of both Mr. Wheelock's provocations and the disparity in sentencing vis-à-vis his codefendants and the Native American inmates. In his fifth (originally fourth) claim, Mr. Deberry argues that his counsel was constitutionally deficient for failing to "raise as grounds the issues and claims now raised herein for appeal review." Aplt.

7

Combined Opening Br. & Appl. for COA at 15.

None of the first four claims was raised by Mr. Deberry on direct appeal, and it is well-established that § 2255 is ordinarily "not available to test the legality of matters which should have been raised on appeal." *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987)) (internal quotation marks omitted). Having procedurally defaulted these claims, Mr. Deberry may resurrect them only by showing "either cause and actual prejudice, or that he is actually innocent." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal quotation marks omitted).

A claim of ineffective assistance of counsel satisfies the cause requirement, *see id.*; *accord United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995), and Mr. Deberry has asserted as his fifth claim that he was denied the effective assistance of counsel through his counsel's failure to raise the first four claims on direct appeal. *See* Aplt. Combined Opening Br. & Appl. for COA at 15 (asserting ineffective assistance for counsel's failure to raise "the issues and claims now raised herein").[3] Accordingly, at the outset, we will assess the effectiveness of

---

[3] The government argued to the district court that Mr. Deberry's fourth claim—unreasonable length of sentence, which was originally his fifth claim, added after his motion to amend—was not encompassed within his claim of ineffective assistance of counsel. R. at 88 (United States' Answer Def.'s Mot. Under 28 U.S.C. § 2255, filed June 21, 2011). The district court agreed but examined the merits anyway. *Id.* at 103 (Order Mot. Vacate, Set Aside, or

(continued...)

8

Correct Sentence Pursuant to 28 U.S.C. § 2255, filed July 21, 2011). In his original § 2255 motion asserting four claims, Mr. Deberry claimed ineffective assistance by virtue of his counsel's failure to raise the other three claims, which he enumerated specifically: "Prosecutorial Misconduct," "Judicial Bias," and "Plain Error" (i.e., abuse of discretion by the sentencing court in failing to consider U.S.S.G. § 5K2.10). *See* R. at 32, 39–40 (Mot. Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed Apr. 21, 2011). When he amended his motion, Mr. Deberry appears to have photocopied the original motion and added to the last page (spilling over onto an additional page) a "claim five" for unreasonable length of sentence. *See id.* at 65–66 (Amended Mot. Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 13, 2011). Because Mr. Deberry photocopied the original motion, he did not alter his ineffective-assistance claim to specifically reference the newly added fifth claim. Nonetheless, there are two reasons to construe the ineffective-assistance claim as encompassing the new unreasonable-length-of-sentence claim.

First, Mr. Deberry appears to have intended the ineffective-assistance claim to encompass all other claims in his § 2255 motion. He states that "had his appeal counse[l] raised as grounds on appeal *the claims now raised herein*, *as the defendant strenuously requested he do*, then surely he would have received a favorable decision on appeal." *Id.* at 64–65. Against the background of liberally construing a pro se litigant's filings, *see Van Deelen*, 497 F.3d at 1153 n.1, the best interpretation of this language, in light of the amendment to the § 2255 motion, is that Mr. Deberry later recalled an additional claim—the subsequently appended fifth claim—which he also had asked his counsel to raise.

Second, as discussed *infra*, the unreasonable-length-of-sentence claim is closely related to Mr. Deberry's second (originally third) claim contending that the sentencing court abused its discretion by failing to consider U.S.S.G. § 5K2.10. The gist of both of these claims is that Mr. Deberry's fifty-four-month sentence is unreasonable. The unreasonable-length claim sounds in substantive unreasonableness, and the failure-to-consider claim sounds in procedural unreasonableness. *See United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (explaining substantive and procedural unreasonableness in reviewing a district court's sentencing decision).

Accordingly, we construe Mr. Deberry's ineffective-assistance claim as encompassing all claims, including the unreasonable-length-of-sentence claim, in

(continued...)

9

Mr. Deberry's counsel, using the familiar standard of *Strickland v. Washington*, 466 U.S. 668 (1984), in the context of determining whether he has shown cause for procedurally defaulting the first four claims. Mr. Deberry must show that his "counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced [his] defense.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (emphasis omitted) (quoting *Strickland*, 466 U.S. at 687–88).

"Although *Strickland* set forth standards for determining the effectiveness of trial counsel, we have applied those same standards in assessing the effectiveness of appellate counsel." *Cook*, 45 F.3d at 392. When the basis of an ineffective-assistance claim is the failure by appellate counsel to raise an issue on appeal, "we must look to the merits of the omitted issue." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). "If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" *Cook*, 45 F.3d at 393 (quoting *United States v. Dixon*, 1 F.3d 1080, 1084 n.5 (10th Cir. 1993)) (internal quotation marks omitted). Further, if counsel was not ineffective in failing to raise a claim on appeal, a defendant cannot satisfy the cause requirement to excuse his procedural default of the claim. *See Challoner*, 583 F.3d at 750 (holding that the defendant "ha[d] not

---

[3](...continued)
his COA application.

10

demonstrated that his attorney was ineffective in failing to raise [an] issue on direct appeal" and, thus, that the defendant "ha[d] failed to show cause excusing the procedural default").

The district court analyzed and rejected each of Mr. Deberry's first four claims on the merits. It separately analyzed and rejected Mr. Deberry's final claim for ineffective assistance of counsel, ultimately dismissing his § 2255 motion. We, too, will examine the merits of Mr. Deberry's first four claims, but we do so to determine only whether his appellate counsel was ineffective for failing to raise the issues on direct appeal. If we find that the omitted issues are without merit, counsel's failure to raise them does not constitute constitutionally ineffective assistance of counsel. *See Cook*, 45 F.3d at 392. For the reasons discussed below, we agree with the district court that the first four claims lack merit, and, as a consequence, Mr. Deberry cannot succeed on his fifth claim that appellate counsel was ineffective. Further, because we find that counsel was not ineffective, Mr. Deberry has failed to show cause for procedurally defaulting the first four claims. *See Challoner*, 583 F.3d at 750. In sum, we conclude that Mr. Deberry's first four claims are procedurally barred and that his fifth, ineffective-assistance claim also must be rejected. Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Mr. Deberry is not entitled to § 2255 relief.

11

## I. Claim One: Judicial Bias

Mr. Deberry asserts a claim of judicial bias arising out of the district court's findings of fact at the sentencing hearing. "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005)) (internal quotation marks omitted). This is a high hurdle to overcome when the claim of bias is based on comments the judge made in court. The "judge's actions or comments [must] reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *United States v. Gambino-Zavala*, 539 F.3d 1221, 1228 (10th Cir. 2008) (alteration in original) (quoting *Nickl*, 427 F.3d at 1298) (internal quotation marks omitted). Moreover, "[a]dverse rulings alone do not demonstrate judicial bias." *Bixler*, 596 F.3d at 762. "The bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977).

At the sentencing hearing, the district court, having reviewed a videorecording of Mr. Deberry's attack on Mr. Wheelock, stated that Mr. Deberry "returned [downstairs] and felt that he . . . was subject to disrespect by Wheelock and then went again back upstairs and returned with the weapon and the . . . two other codefendants in this case, Talifero and Lackey." R. at 18 (Rep.'s Tr.

12

Excerpt Sentencing Hr'g, filed Dec. 9, 2008). Mr. Deberry avers that there is no evidence to support the finding that he retrieved the shank or sought the help of his codefendants in response to an initial provocation by Mr. Wheelock, that the district court ignored eyewitness testimony tending to establish that Mr. Deberry acted in self-defense, and that the court's comments "erroneously insinuat[ed] that the Appellant premeditated the attack on Wheelock." Aplt. Combined Opening Br. & Appl. for COA at 5; *accord* R. at 56, 61–62. Mr. Deberry further contends that these findings were "rendered . . . obviously to aid the government in its argument that the court impose a much harsher sentence," Aplt. Combined Opening Br. & Appl. for COA at 5, and that they "reveal[ed] an extremely high degree of favoritism on behalf of the government," *id.* at 6.

Mr. Deberry's claim of judicial bias rests on nothing more than the district court's adverse ruling and allegedly erroneous commentary on the matter before it. Standing alone, this does not suffice. "[W]hen a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *Nickl*, 427 F.3d at 1298. Also, "[a]dverse rulings alone are insufficient grounds for disqualification, as is evidence that the judge criticized or was angry with a party." *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for . . . bias . . . ."); *United States v. Bray*, 546 F.2d 851, 857 (10th Cir.

13

1976) ("Nor are adverse rulings by a judge grounds for disqualification.").

Mr. Deberry has not shown "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Gambino-Zavala*, 539 F.3d at 1228 (quoting *Nickl*, 427 F.3d at 1298) (internal quotation marks omitted). Accordingly, his judicial-bias claim is without merit. Because the claim is without merit, Mr. Deberry's counsel was not ineffective for failing to raise it on direct appeal, *see Cook*, 45 F.3d at 392–93, and as a result, Mr. Deberry has not shown cause for procedurally defaulting the claim, *see Challoner*, 583 F.3d at 750. Therefore, no reasonable jurist could debate the district court's conclusion that Mr. Deberry is not entitled to § 2255 relief on this ground.

## II. Claim Three: Vindictive Prosecution

Mr. Deberry argues that he has been subject to vindictive prosecution and racial discrimination because the Native Americans involved in the retaliatory attack received more lenient sentences than he, even though the "circumstances and events" of that retaliatory attack "were extremely more severe, and far harsher than those involved in the instant case." Aplt. Combined Opening Br. & Appl. for COA at 10. He asserts, more specifically, that "[while] the three Native-American defendants plotted[,] planned[,] and successfully committed a violent assault against an innocent inmate . . . [,] the Appellant and two co-defendants in fact acted in response to the aggressive provocations of Wheelock." *Id.* Mr. Deberry also alleges that the government sought the maximum sentence

14

against him out of retaliation for his previous assertions of discriminatory prosecution.[4]

The government argued before the district court that Mr. Deberry is precluded from asserting his selective prosecution claim in a § 2255 motion because the claim was previously resolved on direct criminal appeal. *See, e.g.*, *United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996) (holding that defendant could not raise in a § 2255 motion an issue previously decided on direct criminal appeal). The district court found that "the issue raised here is not exactly the same in that now Deberry challenges his sentence, not the filing of the indictment, based on his contention of discriminatory or unlawful motive." R. at 98. Nevertheless, the court rejected the claim. We agree with the district court that Mr. Deberry's argument, which focuses on his sentence, is a distinct one, but also

---

[4] This argument, though addressed by the district court, is not artfully made in Mr. Deberry's combined opening brief and application for COA. He asserts that "an actual case of vindictive prosecution is prev[a]lent in the instant case because, though the government prosecuted the three [Native American] defendants involved in that other assault, it did so merely to s[u]rvive the selective prosecution argument. Moreover, in the instant case, the government argued vehemently that the district court impose the maximum sentence allowable to the Appellant, but [recommended more lenient sentences for the Native American defendants]." Aplt. Combined Opening Br. & Appl. for COA at 9–10. Because the district court addressed the retaliation argument and because we construe Mr. Deberry's COA application liberally, *Van Deelen*, 497 F.3d at 1153 n.1, we will not deem the argument waived. *Cf. Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1301 n.6 (10th Cir. 2010) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (alteration in original) (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007))).

15

conclude that it is meritless.

First, while Mr. Deberry contests the district court's findings that he retrieved a shank and sought his codefendants' help after feeling "disrespect[ed]" by Mr. Wheelock, *see* Aplt. Combined Opening Br. & Appl. for COA at 5, he does not dispute what the video evidence shows: that there was an initial confrontation between him and Mr. Wheelock, that he left the scene and returned a short time later with his codefendants, and that he and his codefendants subsequently closed in on Mr. Wheelock and attacked him with a shank, causing Mr. Wheelock to suffer severe injuries. *See* R. at 100. The circumstances of this altercation, then, were not as different from the later retaliatory attack by the Native American inmates as Mr. Deberry suggests. Second, as the district court noted, "any differences regarding the sentences imposed would not demonstrate prosecutorial misconduct because the sentences are imposed by the sentencing judge," *id.* at 98, and Mr. Deberry "has not shown that the sentencing factors that informed his sentence were present with the other inmates," *id.* at 98 n.2. Finally, Mr. Deberry's argument that the government sought the maximum sentence in his case out of retaliation is merely speculative. Equally, if not more likely, the maximum sentence was sought "because of the seriousness of the offense conduct, including the intentional use of a dangerous weapon and the victim's life-threatening injury." *Id.* at 98.

We therefore conclude that there is no merit to Mr. Deberry's vindictive-

16

prosecution claim. Because the claim is without merit, Mr. Deberry's counsel was not ineffective for failing to raise it on direct appeal, and as a result, Mr. Deberry has not shown cause for procedurally defaulting the claim. *See Cook*, 45 F.3d at 392–93; *Challoner*, 583 F.3d at 750. Therefore, no reasonable jurist could debate the district court's conclusion that Mr. Deberry is not entitled to § 2255 relief on this ground.

## III.  Claims Two and Four: Unreasonable Sentence

In his second and fourth claims, Mr. Deberry challenges the reasonableness of his sentence. He asserts that the district court abused its discretion during the sentencing phase by failing to consider U.S.S.G. § 5K2.10, which is applicable when a victim's conduct is wrongful and provocative; and that the length of his sentence is unreasonable in light of both Mr. Wheelock's alleged provocations and the disparity in sentencing vis-à-vis his codefendants and the Native American inmates.

In reviewing a defendant's sentence for reasonableness, we defer to the district court under the "familiar abuse-of-discretion standard of review." *United States v. Martinez*, 610 F.3d 1216, 1223 (10th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)) (internal quotation marks omitted). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *United States v. Begaye*, 635 F.3d 456, 461 (10th Cir. 2011) (quoting *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir.

17

2008)) (internal quotation marks omitted); *see also United States v. Kristl*, 437

F.3d 1050, 1055 (10th Cir. 2006) (adopting the "two-step approach to the

reasonableness standard of review").

> A sentence is procedurally reasonable when the district court computes the applicable Guidelines range, properly considers the [18 U.S.C.] § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure. A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.

*United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008)

(alteration omitted) (citations omitted) (quoting *United States v. Geiner*, 498 F.3d

1104, 1107 (10th Cir. 2007), and *United States v. Atencio*, 476 F.3d 1099, 1102

(10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States*,

553 U.S. 708, 713 n.1 (2008)) (internal quotation marks omitted).

We construe Mr. Deberry's second claim as pertaining to the procedural

reasonableness of his sentence. *See United States v. Fonseca*, 473 F.3d 1109,

1112 (10th Cir. 2007) ("A direct challenge to the district court's denial of a

downward departure is . . . treated as a challenge to the preliminary application of

the Guidelines under the first step of the *Kristl* analysis [i.e., procedural

reasonableness]."). Like the district court, we construe Mr. Deberry's fourth

claim as pertaining to substantive reasonableness.

18

## A. Claim Two: Procedural Reasonableness

Mr. Deberry claims that his sentence is procedurally unreasonable because the district court failed to apply a departure based on U.S.S.G. § 5K2.10, under which a court "may reduce [a] sentence below the guideline range" when "the victim's wrongful conduct contributed significantly to provoking the offense behavior." Mr. Deberry claims that Mr. Wheelock was the "main instigator; aggressor; and one who ultimately provoked the offense behavior." Aplt. Combined Opening Br. & Appl. for COA at 7.

Had Mr. Wheelock's counsel sought to raise this claim on direct appeal, we would have lacked jurisdiction to consider it. As we have explained before, "this court has no jurisdiction to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *Fonseca*, 473 F.3d at 1112 (alterations omitted) (quoting *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005)) (internal quotation marks omitted). Rather, we may review a denial of a downward departure only if the sentencing court interpreted the Guidelines "as depriving it of the legal authority to grant the departure." *Id.* The district court here did not interpret the Guidelines in this way. To the contrary, it considered—and ultimately rejected—Mr. Deberry's claims concerning self-defense and provocations by the victim, Mr. Wheelock.

Mr. Deberry's procedural-reasonableness claim lacks merit because, had it

19

been raised on direct appeal, this court would not have had jurisdiction to consider it. Appellate counsel does not render deficient performance by failing to raise on appeal a claim over which the court lacks jurisdiction. Mr. Deberry has thus failed to show cause for procedurally defaulting this claim, *see Challoner*, 583 F.3d at 750, and no reasonable jurist could debate the district court's conclusion that Mr. Deberry is not entitled to § 2255 relief on this ground.

**B. Claim Four: Substantive Reasonableness**

The recommended Guidelines range for Mr. Deberry's offense—possession of a weapon while in prison under 18 U.S.C. §§ 1791(a)(2), (b)(3)—was eighteen to twenty-four months. However, the PSR recommended an upward departure pursuant to U.S.S.G. § 5K2.2 based on evidence that Mr. Wheelock suffered a life-threatening injury and that Mr. Deberry intentionally inflicted that injury. At sentencing, the district court agreed that an upward departure was appropriate, stating:

> [T]he action of the defendant is much greater than simply possession. To think that a person who was found with a shank in his possession would be subject to, under the Guideline reference, up to two years in prison, someone who actually uses it and in an aggressive and deadly manner, certainly calls for a much harsher sentence.

R. at 23–24. The court settled on an offense level of twenty based on an "analogy to assault [resulting] in serious bodily injury." *Id.* at 20. Combined with Mr. Deberry's criminal history category of IV, the recommended Guidelines sentence

20

would be fifty-one to sixty-three months.  The district court, considering all of the

§ 3553(a) factors, concluded that a sentence of fifty-four months was "sufficient

but not greater than necessary" for the offense.  R. at 24.

Mr. Deberry challenges the substantive reasonableness of his sentence on

essentially two grounds: Mr. Wheelock's "wrongful provocations" and the

disparity between Mr. Deberry's sentence on the one hand and the sentences of

his codefendants and the Native American inmates on the other.[5]  Aplt. Combined

Opening Br. & Appl. for COA at 12–13.

When we review a defendant's sentence for substantive reasonableness, we

employ an abuse-of-discretion standard.  *Martinez*, 610 F.3d at 1227.  We must

determine "whether the length of the sentence is reasonable given all the

circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."

*Id.* (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009))

---

[5]     The district court addressed the substantive-reasonableness claim based on the sentencing disparity with respect to Mr. Deberry's codefendants only and did not consider the disparity vis-à-vis the Native American inmates.  *See* R. at 103.  However, Mr. Deberry's § 2255 motion alleged disparity based on both the sentences of the codefendants and the sentences of the Native American inmates.  *See id.* at 65–66 (alleging a "grave disparity in the sentence [Mr. Deberry] received, as [o]pposed to the sentences that were imposed upon the other two defendants (Roderick Lackey and Paul Talliafero [sic]), . . . as well as a grave disparity in the sentence [Mr. Deberry] received, as [o]pposed to the sentences that were imposed upon the three defendants named in that other assault").  It appears, then, that the district court simply overlooked the claim of disparity vis-à-vis the Native American inmates.  Because Mr. Deberry made this claim in both his § 2255 motion and his application for a COA, it is properly before us.

21

(internal quotation marks omitted). In so doing, we give "substantial deference" to the district court, *id.* (quoting *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008)) (internal quotation marks omitted), recognizing that substantive reasonableness "contemplates a range, not a point," *id.* (quoting *United States v. Omole*, 523 F.3d 691, 698 (7th Cir. 2008)) (internal quotation marks omitted). Reversal is warranted "only when the district court 'renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable.'" *Id.* (quoting *Friedman*, 554 F.3d at 1307).

"We, like the district court, are guided by the § 3553(a) factors when determining reasonableness." *Martinez-Barragan*, 545 F.3d at 905. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need for the sentence "to reflect the seriousness of the offense" and "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

Mr. Deberry's claim of substantive unreasonableness based on the alleged provocations by Mr. Wheelock must fail. While Mr. Wheelock may have thrown the first punch, the district court found that this act was itself precipitated by Mr. Wheelock's being surrounded by Mr. Deberry and the codefendants. Moreover, the court found that Mr. Deberry's fivefold stabbing of Mr. Wheelock was

22

disproportionate to any threat posed by Mr. Wheelock, particularly because Mr. Deberry was aided by two confederates. Mr. Deberry does not dispute these factual findings, nor does he dispute the severity of Mr. Wheelock's injuries or the intentional nature of his conduct. In light of the "nature and circumstances" and "seriousness" of the offense, among other factors, 18 U.S.C. §§ 3553(a)(1), (2), the district court did not abuse its discretion in imposing a fifty-four-month sentence on Mr. Deberry.

Likewise, Mr. Deberry cannot prevail based upon alleged sentencing disparities. His claim suffers in two respects, one general and one specific. In general, "§ 3553(a)(6) does not require the sentencing court to compare the sentences of codefendants; rather, it looks to uniformity on a national scale." *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008). Mr. Deberry has not suggested that his sentence is disparate when compared to similarly situated defendants nationwide. As to the specific point, the more lenient sentences imposed on the codefendants, Messrs. Talifero and Lackey, are explicable because it was Mr. Deberry, not the codefendants, who possessed the shank and stabbed Mr. Wheelock. And with respect to the Native American inmates, Mr. Deberry supplies us only with the lengths of their sentences;[6] he does not explain

---

[6] Mr. Deberry informs us only that one inmate had the charges against him dismissed, one was allowed to enter a plea to "the lesser included offense" and received a sentence of twenty-four months, and the third entered a plea to "the lesser included [offense]" and received a sentence of twelve months. Aplt.

(continued...)

23

why he and the Native American inmates are similarly situated (that is, he does not allege that the Native American inmates had "similar records" or were guilty of "similar conduct," 18 U.S.C. § 3553(a)(6)). A mere difference in sentences cannot establish that the district court abused its discretion in imposing the sentence that it did. *Cf. United States v. Caldwell*, 219 F.3d 1186, 1195 (10th Cir. 2000) ("[A] mere difference between co-defendants' applicable guideline ranges will not justify a departure.").

Because Mr. Deberry's claim that his sentence is substantively unreasonable is without merit, his counsel was not ineffective for failing to raise this claim on direct appeal. *Cook*, 45 F.3d at 392–93. As a result, Mr. Deberry has not shown cause for procedurally defaulting this claim. *See Challoner*, 583 F.3d at 750. Therefore, no reasonable jurist could debate the district court's conclusion that Mr. Deberry is not entitled to § 2255 relief on this ground.

## CONCLUSION

Because none of his first four claims has merit, Mr. Deberry cannot show that his counsel was constitutionally ineffective for failing to raise these claims on direct appeal. *See Cook*, 45 F.3d at 392–93. Accordingly, Mr. Deberry has not shown cause adequate to resurrect these procedurally defaulted claims. *See Challoner*, 583 F.3d at 750. For the same reason, the fifth claim in Mr. Deberry's

---

[6](...continued)
Combined Opening Br. & Appl. for COA at 13.

application for a COA—constitutionally deficient counsel—must be rejected.  We conclude, therefore, that reasonable jurists could not debate the district court's conclusion that Mr. Deberry is not entitled to § 2255 relief.

We **DENY** Mr. Deberry's application for a COA and **DISMISS** his appeal. We also **DENY** Mr. Deberry's motion to proceed *in forma pauperis* because he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge