**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDERICK D. DEBERRY,

Defendant - Appellant.

No. 23-1207
(D.C. No. 1:03-CR-00495-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

In 2008, Defendant-Appellant Frederick D. Deberry pled guilty to possession of a prohibited object (an ice-pick style knife) in prison used in an altercation that resulted in serious injury to another inmate. 18 U.S.C. § 1791(a)(2), (b)(3). Although the advisory guideline range was 18–24 months, he received a sentence of 54 months based on an upward departure. The district court rejected Mr. Deberry's argument that he was entitled to have a jury determine the underlying factual issues

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

that resulted in a sentence above the advisory guideline range but within the statutory range of five years.  1 R. Supp. 152–54.  On direct appeal, this court affirmed his conviction and sentence, rejecting his Sixth Amendment argument that he was entitled to a jury determination.  United States v. Deberry, 364 F. App'x 404, 405–06 (10th Cir. 2010).  Subsequently, Mr. Deberry filed an unsuccessful 28 U.S.C. § 2255 motion but did not raise this issue. 1 R. Supp. 179, 182–84; 1 R. 73–74.  We denied a certificate of appealability.  United States v. Deberry, 451 F. App'x 749, 761 (10th Cir. 2011).

Having completed his federal sentence in 2014, Mr. Deberry sought a writ of coram nobis in 2023.  1 R. 75.  The district court rejected his claim, reasoning that it was both substantively incorrect and procedurally defaulted.  Id. at 110–122.  The district court also denied reconsideration.  Id. at 132–33.  On appeal, Mr. Deberry argues that he should prevail under Alleyne v. United States, 570 U.S. 99 (2013), and that the district court erred in concluding that he procedurally defaulted this issue by not raising it in his § 2255 motion.[1]  Aplt. Br. at 5–7.

---

[1] We note that the district court also held that Mr. Deberry waited too long to file his coram nobis petition.  1 R. 121.  By failing to adequately challenge this ground upon which the judgment rests, Mr. Deberry has waived the issue and cannot prevail.  See Murrell v. Shalala, 43 F.3d 1388, 1389–90 (10th Cir. 1994).  Regardless, we agree that there is a diligence requirement, see United States v. Morgan, 346 U.S. 502, 511 (1954), and that Mr. Deberry has not met it.  The fact that Alleyne had not been decided until 2013 is not persuasive given that Mr. Deberry did not raise it until 2023, and his lack of knowledge of the law does not excuse his delay.  See United States v. Tarango, 670 F. App'x 981, 981 (10th Cir. 2016) (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)).

2

When reviewing a coram nobis decision, we review any factual findings for clear error, legal questions de novo, and the ultimate grant or denial of the writ for an abuse of discretion. United States v. Lujan, No. 22-2014, 2022 WL 17588500, at *3 (10th Cir. Dec. 13, 2022) (quoting United States v. Lesane, 40 F.4th 191, 196 (4th Cir. 2022)). Coram nobis is an extraordinary remedy designed to achieve justice and is not granted when other remedies such as § 2255 are available. See United States v. Denedo, 556 U.S. 904, 911 (2009). Here, Mr. Deberry obtained a decision on direct appeal on the issue of whether he was entitled to a jury determination. He did not include it as an issue in his § 2255 motion, and his explanation, that Alleyne had not been decided yet, is unavailing given that the same issue was raised on direct appeal.

Regardless, Alleyne cannot bear the weight he places on it. Mr. Deberry's argument that he was entitled to a jury determination on the facts involving the upward departure resulting in an above-guidelines sentence fares no better under Alleyne. Only facts which increase a mandatory minimum or a statutory maximum sentence must be submitted to a jury. Alleyne, 570 U.S. at 108. We have consistently held that this rule does not apply to determining the guideline range under the advisory guidelines. See United States v. Zar, 790 F.3d 1036, 1054–55 (10th Cir. 2015); United States v. Cassius, 777 F.3d 1093, 1097–98 (10th Cir. 2015).

AFFIRMED.  We DENY IFP status because Mr. Deberry has not advanced a rational argument on the law and the facts, see Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge